UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM SAVAS,

    Plaintiff,

v.

UBS FINANCIAL SERVICES, INC.,

    Defendant.
    _____/

Case No. 07-10220

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S PETITION TO VACATE ARBITRATION AWARD [12]**

In 2005, Plaintiff Sam Savas initiated an arbitration proceeding through the National Association of Securities Dealers, Inc. ("NASD") against his employer UBS Financial Services, Inc. (formerly PaineWebber) alleging that UBS wrongfully withheld benefits owed to him. An arbitration order ("arbitration award") was issued on August 2, 2002, granting UBS's motion to enforce a settlement agreement between Plaintiff and UBS. On August 31, 2006, the NASD arbitration panel granted UBS's motion, clarifying that costs referred to in its August 2, 2006 award are NASD fees and that each party is to bear their respective attorney fees and costs.

On September 26, 2006, Plaintiff filed a petition to vacate the arbitration award in state court. UBS, however, was not served until December 22, 2006. On January 12, 2007, UBS properly removed the matter to this Court because complete diversity exists between the parties and the amount in controversy exceeds $75,000.

This matter is before the Court on UBS's motion to dismiss Plaintiff's petition to vacate the arbitration award. Because Plaintiff's request to vacate is untimely under § 12 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 12, UBS's motion should be GRANTED.

## I. Facts

The following facts are from Plaintiff's Response.

Plaintiff, a stockbroker employed at UBS, sought certain unpaid "transition benefits" previously granted to other UBS broker employees by initiating an arbitration claim in 2005 with NASD. The transition benefits are payable at least in substantial part based on a broker's production (commissions generated). Plaintiff claimed that these transition benefits were improperly withheld because he was on short term disability at the time the production figures used to calculate these benefits were compiled.

In 2006, the parties reached a settlement agreement which Plaintiff argues was (1) merely tentative; and (2) contained language that allowed him to withdraw his consent to the proposed settlement within a specific period of time. (Resp. at 3-4.) Plaintiff does not provide the Court with the language he relies upon. He merely asserts that it allowed him to change his mind and justified his refusal to sign in protest over the scope of the release contained in that settlement agreement. (*Id.*)

In Plaintiff's pending arbitration proceeding before NASD, UBS filed a motion to enforce the parties settlement agreement. A hearing was held on UBS's motion in July 2006. On August 2, 2006, a NASD panel issued an Order granting UBS's motion, finding that (1) the parties had reached a settlement of the employment dispute being arbitrated by Plaintiff, and (2) the Settlement Agreement and General Release UBS had drafted fairly and accurately represented the settlement reached by the parties. The NASD panel further

2

ordered that if Plaintiff failed to execute the Settlement Agreement and General Release within ten days from receipt of its Order, his pending arbitration would be dismissed with prejudice. The panel then ordered that all costs associated with UBS's motion be assessed against Plaintiff.

On August 31, 2006, in response to UBS's motion, the NASD panel clarified its earlier Order, providing that (1) the costs referenced in that Order are NASD fees, (2) each party shall bear their respective attorney fees and related costs, and (3) the parties have ten days from receipt of this August 31st Order to execute the Settlement Agreement and General Release. This Order was served on the parties on September 5, 2006.

On September 26, 2006, 21 days after being served with the August 31, 2006 Order, Plaintiff filed a petition in state court, pursuant to Michigan Court Rule 3.602(J), seeking to vacate the arbitration award. UBS, however, was not served with a copy of the summons and petition until December 22, 2006. On January 12, 2007, UBS properly removed the matter to this Court based on diversity jurisdiction.

Plaintiff's petition alleges that the August 2, 2006 arbitration award and the August 31, 2006 arbitration order should be vacated. Relying on grounds provided in Michigan Court Rule 3.602(J)(1), Plaintiff contends that the award reflects manifest disregard for Michigan contract law. (Pl.'s Pet. at ¶¶ 5-8; Pl.'s Resp. at 3-4.)

**II.    Analysis**

Defendant UBS's motion argues that Plaintiff's petition to vacate the arbitration award should be dismissed as untimely. It first contends that NASD arbitrations, like the one

3

initiated by Plaintiff, are governed by the FAA.[1]  Thus, Defendant argues, Plaintiff was required, under Section 12 of that Act, to serve his petition to vacate the arbitration award within three months after the award was filed or delivered.[2]  Because Plaintiff failed to do so, his petition to vacate must be dismissed.

Plaintiff responds that (1) Section 12 of the FAA is merely procedural and thus does not govern the timeliness issue in dispute here; (2) because he initially filed his action in a Michigan state court, Michigan Court Rule 3.602(J)(2)[3] governs the timeliness of his petition; and (3) because he filed his petition in state court within 21 days after a copy of the August 31, 2006 arbitration Order was delivered to him, it is timely.  Plaintiff's argument fails for a number of reasons.  The Court begins its analysis with a discussion of the FAA.

**1. FAA**

As the Michigan courts observe, the FAA, 9 U.S.C. §§ 1-15, "governs actions in both federal and state courts arising out of contracts involving interstate commerce."

---

[1] Although the FAA does not provide an independent basis for federal jurisdiction, this Court has diversity jurisdiction over this matter.  See 28 U.S.C. § 1332.

[2] Section 12 of the FAA provides, in pertinent part, that:

> Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered. . . .

9 U.S.C. § 12.

[3] Michigan Court Rule 3.602(J)(2) provides that:

> An application to vacate an award must be made within 21 days after delivery of a copy of the award to the applicant. . . .

Mich. Ct. R. 3.602(J)(2).

*DeCaminda v. Coopers & Lybrand, L.L.P.*, 591 N.W.2d 364, 496 (Mich. Ct. App. 1998). "More specifically, disputes between a member of a national stock exchange and its employees are within the federal act if there is a binding arbitration agreement." *Kauffman v. The Chicago Corp.*, 466 N.W.2d 726, 728 (Mich. Ct. App. 1991). Plaintiff does not argue that the NASD arbitration he initiated falls outside the parameters of the FAA. Rather, without providing the Court with supporting language from the relevant arbitration clause, Plaintiff argues that the time period for challenging the NASD arbitration award and serving Defendant is governed by Michigan law, not the FAA. Plaintiff is mistaken.

### 2. Timeliness of Notice

It is not enough for Plaintiff to argue that, because he filed his Petition to vacate in a Michigan court, he is entitled to invoke Michigan Court Rule 3.602(J)(2) to defeat Defendant's timeliness argument. There are two reasons for this. First, Plaintiff's argument ignores that this Michigan Court Rule addresses when a petition to vacate an arbitration award is to be filed, whereas § 12 of the FAA addresses when notice of that petition must be served on the adverse party. Second, it is questionable that Plaintiff is entitled to rely on Michigan Court Rule 3.602 in the first instance.

Michigan Court Rule 3.602 provides that it governs statutory arbitrations under Mich. Comp. Laws 600.5001-600.5035. *See* Mich. Ct. R. 3.602(A). As the Michigan Supreme Court recently observed, "[i]n order for an agreement [to arbitrate causes of action that have yet to accrue] to qualify for statutory arbitration, it must meet certain requirements"; i.e., that it be in writing and "provide that a judgment of any circuit court may be rendered upon the award." *Wold Architects and Engineers v. Strat*, 713 N.W.2d 750, 754-755 (Mich. 2006). Plaintiff does not and cannot show that the parties' arbitration agreement provided

5

that a Michigan circuit court could render a judgment as to the subject NASD arbitration award. Accordingly, it does not qualify as a statutory arbitration under Mich. Comp. Laws 600.5001(2), and Michigan Court Rule 3.602 does not govern Plaintiff's action even though he originally filed it in a Michigan state court. Because Rule 3.602 does not apply here, Plaintiff cannot rely on Rule 3.602(J)(2) to defeat Defendant's motion to dismiss.

Section 12 of the FAA requires that notice of a motion to vacate an arbitration award must be "served on the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. As observed by the Sixth Circuit, "[f]ailure to comply with this statutory precondition of timely service of notice forfeits the right to judicial review of the award." *Corey v. New York Stock Exch.*, 691 F.2d 1205, 1212 (6th Cir. 1982).

The NASD award in this case was filed on August 2, 2006 and clarified by an Order filed on August 31, 2006. That clarified Order was served on Plaintiff on September 5, 2006. Thus, the latest possible date that Plaintiff could have satisfied the three-month statute of limitations period in § 12 of the FAA would have been December 4, 2006. Plaintiff did not serve his Petition to vacate on Defendant by that date. Accordingly, Plaintiff has forfeited his right to judicial review of the NASD arbitration award, and Defendant UBS's motion to dismiss should be granted.[4] *See Corey*, 691 F.2d at 1212.

---

[4] In light of this Court's ruling, Defendant's alternative argument for dismissal need not be addressed.

### III. Conclusion

For the above-stated reasons, Defendant's motion to dismiss should be GRANTED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: June 15, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 15, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager